UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C24-5719-SKV <br><br> ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits (DIB).  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1975, has a high school education, and has worked as a deputy sheriff.  AR 34.  Plaintiff was last gainfully employed in July 2016.  AR 19.

On November 23, 2021, Plaintiff applied for benefits, alleging disability as of July 1, 2016.  AR 17.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

requested a hearing. AR 17. After the ALJ conducted a hearing on February 2, 2024, the ALJ issued a decision finding Plaintiff not disabled. AR 17.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff did not engage in substantial gainful activity from July 1, 2016, through December 31, 2023, his date last insured.

**Step two**: Plaintiff has the following severe impairments: post-traumatic stress disorder ("PTSD"), hearing loss and tinnitus, spine disorder, carpal tunnel syndrome, and obstructive sleep apnea.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform light work except he could occasionally climb ladders, ropes, or scaffolds. He could frequently climb ramps, stairs, stoop, and crawl. He could frequently perform handling, fingering, and feeling. He could tolerate no greater than moderate noise. He is limited to occasional exposure to hazards, such as moving mechanical parts and unprotected heights. He could understand and remember simple instructions. He is limited to simple, routine tasks and simple, work-related decisions. He could have occasional public interaction. After the initial training period, he could have occasional interaction with coworkers and supervisors. He could tolerate occasional changes in a routine work setting.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 19-34.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 4.

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by discounting Plaintiff's testimony. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Erred in Evaluating Plaintiff's Testimony

Absent evidence of malingering, an ALJ must provide "specific, clear, and convincing" reasons supported by substantial evidence to discount a plaintiff's testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). That said, the ALJ need not believe every allegation, nor analyze testimony line by line. *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021); *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rational is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff argues that the ALJ did not provide clear and convincing reasons to discount his PTSD symptom testimony, and impermissibly cherry-picked evidence to support her conclusion. Dkt. 9 at 6-10. The Commissioner argues the ALJ properly found that Plaintiff's activities contradicted his testimony and appropriately acted as a factfinder in highlighting the portions of the record she did. Dkt. 9 at 2-7.

The ALJ considered Plaintiff's PTSD symptom testimony and discounted it as inconsistent with his activities. AR 29. Plaintiff testified at the hearing that police work "was destroying [him]" and that the VA had determined that his conditions were "untreatable and treatment resistant." AR 51-52. In 2007, after serving in Special Forces in Afghanistan, he was diagnosed with PTSD but concealed his diagnosis while working as a sheriff. AR 48, 57. The county medically retired Plaintiff from his sheriff position after an officer involved shooting worsened his PTSD symptoms. AR 58-59. He tried to do other work, but his PTSD symptoms continued to worsen, and he quit. AR 59-60.

He could barely leave the house and felt he can hardly function. AR 52. After eight-years of intensive treatment he said he is getting better, but better for him is "zero." AR 52. He

uses running and working out to help him feel better. AR 54 ("the motion is the lotion, so I'm -- have to — I have to move, I have to work out, for — which I run; I think it actually will make me healthier"). He constantly feels on edge, which also affects his ability to focus and remember things. AR 53 ("My brain is firing [INAUDIBLE] all the time. I forget, you know, what I'm doing going through a room because I'm constantly asking her, like, what am I doing, what -- what does this affect mean; why can't I be as quiet at the time, why is the time going so slow, I don't understand."). He would like to be able to work full- or even part-time, but he acknowledges he needs more help before he will be able to. AR 53. His mom helps him with cleaning. AR 56. Many different things trigger his symptoms, which makes working difficult. AR 60-61.

An ALJ may reject a plaintiff's testimony based upon daily activities that either contradict his testimony or "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). But "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from [his] credibility as to [his] overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted) ("disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations").

Plaintiff argues that the ALJ erred because none of the activities cited indicate an ability to function in the workplace. Dkt. 9 at 6-7. This mischaracterizes the ALJ's reasoning. The ALJ discounted Plaintiff's testimony because his activities were inconsistent with testimony that he had "zero social life" and "only leaves his house when necessary." AR 29-30. Nonetheless, the Court agrees that the ALJ erred in finding Plaintiff's activities contradicted his testimony

without considering the nature of those activities and how the activities were supportive of his mental health. For example, Plaintiff attended numerous events with the Veterans Sportsman Alliance ("VSA"), which his psychologist noted was a positive development. AR 727. As Plaintiff notes in their reply brief, the VSA describes its primary mission as "get[ting] injured and disabled Veterans out of the house and hospital, and into the therapeutic surroundings of nature and outdoor adventure." Dkt 12 at 2. Reviewing the record as a whole, the Court does not find that substantial evidence supported the ALJ's finding that Plaintiff's activities contradicted his testimony. Accordingly, the ALJ erred in evaluating Plaintiff's subjective symptom testimony.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Plaintiff's testimony, Plaintiff's RFC, and steps four and five.

Dated this 4th day of June, 2025.

S. KATE VAUGHAN
United States Magistrate Judge